UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| LINDRIX FREEMAN, } | Case No. 1:17-cv-61 | |
| PLAINTIFF } | | |
| } | COMPLAINT FOR DAMAGES | |
| v. } | 15 U.S.C. § 1692, et seq. | |
| } | 47 U.S.C. § 227, et seq. | |
| CALIBER HOME LOANS, INC., } | | |
| DEFENDANT } | **JURY TRIAL REQUESTED** | |
| _____/ | | |

### COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL

1. Plaintiff LINDRIX FREEMAN, through his attorney, brings this action to challenge the actions of Defendant CALIBER HOME LOANS, INC., for unlawful conduct in connection with debt collection activity.

2. The Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA"), was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be

enforced, or place an inordinate burden on the consumer." TCPA, Pub.L. No. 102-243, § 11. Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call...." *Id.* at §§ 12-13. *See also*, *Mims*, 132 S. Ct. at 744.

5. The Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., ("FDCPA") was designed to protect citizens from such abuses perpetrated by debt collectors like the ones described in this complaint, and to protect citizens like Plaintiff. "There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* at § 1692(a)

6. Plaintiff makes the allegations below on information and belief, with the exception of those allegations that pertain to Plaintiff's personal knowledge.

**JURISDICTION AND VENUE**

7. This action arises out of Defendant's violations of the Telephone Consumer Protection Act (TCPA) and the Fair Debt Collection Practices Act (FDCPA), over which the U.S. District Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 15 U.S. Code § 1692k, and *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

8. Because Defendant conducts business in the State of Florida and in this District by repeatedly contacting Florida residents and residents of this District while attempting to collect upon consumer debts, personal jurisdiction is established.

9. Because all tortious conduct occurred while Plaintiff resided in the City of Gainesville, County of Alachua, and witnesses are located within such location, venue properly lies with this court.

**PARTIES AND DEFINITIONS**

10. Plaintiff is a natural person.

11. Defendant is a "debt collector" as such term is described by the FDCPA 15 U.S.C. § 1692a(6) because Defendant used instrumentalities of commerce within this state and District, the principal purpose of which is the collection of debts. Additionally or alternatively, Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

12. Plaintiff was allegedly obligated to pay a "debt," as such term is described by the FDCPA 15 U.S.C. § 1692a(5) because he was allegedly obligated to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

11. Plaintiff is a "debtor" and a "consumer" as those terms are described by the FDCPA 15 U.S.C. § 1692a(3) because he was allegedly obligated to pay a debt.

12. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of Florida and of this District, and therefore is and was a "person" as defined by 47 U.S.C. § 153(39).

13. Defendant is, and at all times mentioned herein was, a corporation and is a "person" as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

14. At some point in the past, Defendant initiated debt collection procedures against Plaintiff for an alleged home mortgage debt owed.

15. Plaintiff does not actually owe the alleged debt as described in paragraph 14, above.

16. On December 30, 2016, Plaintiff mailed Defendant a letter, via certified U.S. Mail, indicating, among other things, that Plaintiff disputed the validity of the alleged debt, demanded strict validation of the alleged debt, and other than receiving strict validation, that Plaintiff did not consent to receive any communications at any time in any capacity and that all times to contact Plaintiff are inconvenient.

17. On January 3, 2017, Defendant signed for the letter sent via certified mail referenced in paragraph 16, above.

18. On January 5, 2017, Defendant called Plaintiff's cell phone in an attempt to collect on the alleged debt.

19. On January 6, 2017, Defendant mailed Plaintiff a letter, via U.S. Mail, presumably in response to Plaintiff's dispute letter referenced in paragraph 16, above. However, this letter also contains the language "THIS IS AN ATTEMPT BY A DEBT COLLECTOR TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE."

20. On January 30, 2017, Defendant called Plaintiff's cell phone in an attempt to collect on the alleged debt.

21. On February 7, 2017, Fairfax Servicing – or some similarly-sounding entity – called Plaintiff on behalf of Defendant in an attempt to collect on the alleged debt. Plaintiff recorded a portion of this call and received verbal consent to do so by Fairfax Servicing.

22. On March 1, 2017, Plaintiff received a notice in the U.S. Mail informing him of a pending class action settlement in which Defendant was alleged to have violated the TCPA. This notice stated, among other things, that "[Plaintiff] may be in the Settlement Class if, on or after July 9, 2011, [Plaintiff] received a call to [Plaintiff's] cellular telephone line made through the use of an automatic telephone dialing system or artificial or prerecorded voice by or on behalf of [Defendant]."

23. On March 7, 2017, Plaintiff opted out of the pending class action settlement described in the notice described in paragraph 22, above, by following the instructions contained in the notice described in paragraph 22, above, and on a website (http://www.CaliberTCPASettlement.com) provided by the notice described in paragraph 22, above.

24. Between January 3, 2017 and March 13, 2017, each call Defendant made to Plaintiff's cell phone was placed using an automatic telephone dialing system, contained automated or prerecorded voices, or both.

## FIRST CLAIM FOR RELIEF

**Violation of the FDCPA, 15 U.S.C. § 1692, et seq.**

25. Plaintiff repeats, re-alleges, and incorporates by reference paragraphs 1-24, as if fully set forth herein.

26. By contacting Plaintiff for debt collection purposes over the telephone despite Defendant's actual knowledge that communication with Plaintiff over the telephone is inconvenient, Defendant has engaged in illegal practices in violation of the FDCPA, 15 U.S.C. § 1692c(a)(1).

27. By contacting Plaintiff for debt collection purposes via the U.S. Mail despite Defendant's actual knowledge that communication with Plaintiff via the U.S. Mail is inconvenient, Defendant has engaged in illegal practices in violation of the FDCPA, 15 U.S.C. § 1692c(a)(1).

28. By contacting Plaintiff for debt collection purposes despite having received written notice from Plaintiff that Plaintiff disputed the alleged debt, and without having obtained verification of the debt and having mailed Plaintiff a copy of said verification, Defendant has engaged in illegal practices in violation of the FDCPA, 15 U.S.C. § 1692g(b).

29. By contacting Plaintiff for debt collection purposes despite having received written notice from Plaintiff that Plaintiff wished Defendant cease further communication with Plaintiff, Defendant has engaged in illegal practices in violation of the FDCPA, 15 U.S.C. § 1692c(c).

30. The FDCPA provides for statutory damages of $1,000.00 for violation of the statute, 15 U.S.C. § 1692k(a)(2).

31. The FDCPA provides for reasonable attorney's fees and costs in any successful action, 15 U.S.C. § 1692k(a)(3).

32. 15 U.S.C. § 1692k(a)(2) entitles Plaintiff up to $1,000.00 in statutory damages for Defendant's violations of the FDCPA, 15 U.S.C. § 1692 et seq., and Plaintiff is so entitled.

33. 15 U.S.C. § 1692k(a)(3) entitles Plaintiff to reasonable attorney's fees and costs upon successful prosecution of this action, and Plaintiff is so entitled.

WHEREFORE, Plaintiff respectfully requests that this Court enters judgment against Defendant and provides Plaintiff with the following relief:

(a) Statutory damages in the amount of $1,000.00;

(b) Reasonable attorney's fees and costs;

(c) And any other relief as the court deems proper and may provide.

Plaintiff requests a jury for all claims so triable.

## SECOND CLAIM FOR RELIEF

**Violation of the TCPA, 47 U.S.C. § 227, et seq.**

34. Plaintiff repeats, re-alleges, and incorporates by reference paragraphs 1-24, as if fully set forth herein.

35. Defendant violated 47 U.S.C. 227(b)(1)(A)(iii) of the TCPA by using an automatic telephone dialing system to call Plaintiff's cellular telephone two times.

36. Additionally or alternatively to the allegations made in paragraph 34, above, Defendant violated 47 U.S.C. 227(b)(1)(A)(iii) of the TCPA by using automated or prerecorded voices when calling Plaintiff's cellular telephone two times.

37. Defendant violated 47 U.S.C. 227(b)(1)(A)(iii) of the TCPA by hiring a third party who, on Defendant's instruction and behalf, used an automatic telephone dialing system to call Plaintiff's cellular telephone one time.

38. Additionally or alternatively to the allegations made in paragraph 36, above, Defendant violated 47 U.S.C. 227(b)(1)(A)(iii) of the TCPA by hiring a third party who, on Defendant's

instruction and behalf, used automated or prerecorded voices when calling Plaintiff's cellular telephone one time.

39. Upon information and belief, these violations of the TCPA were knowing or willful because Defendant made these telephone calls while having actual knowledge that Plaintiffs revoked consent to be contacted; and, by virtue of having been involved in a class action settlement in which Defendant was alleged to have violated the TCPA, Defendant had actual knowledge of the rules imposed by the TCPA and knowingly or willfully chose to ignore them.

40. The TCPA provides for statutory damages of $500.00 per call made in violation of the statute, 47 U.S.C. § 227(b)(3).

41. The TCPA provides for treble damages, an additional $1,000.00 per call made in violation of the statute, for a total of $1,500.00 per call, if the violations were willful or knowing, *Id.*

42. Plaintiff is entitled to $500.00 in statutory damages per violating call, *Id.*

43. Plaintiff is entitled to an additional $1,000.00 in treble statutory damages per violating call, for a total of $1,500.00 per violating call, due to the knowing or willful nature of the violations, *Id.*

WHEREFORE, Plaintiff respectfully requests that this Court enters judgment against Defendant and provides Plaintiff with the following relief:

(a) Statutory damages in the amount of $500.00 per each violating call;

(b) Treble statutory damages in the amount of an additional $1,000.00 per each violating call, for a total of $1,500.00 per each violating call;

(c) And any other relief as the court may deem proper and may provide.

Plaintiff requests a jury for all claims so triable.

Respectfully submitted this 13th day of March, 2017,

By Plaintiff's attorney: /s/ Nicholas Michael Murado

Nicholas Michael Murado

Florida Bar # 102769

Murado Law, P.A.

2010 S.W. 99th Avenue

Miramar, Florida, 33025

Telephone: 754-816-2196

E-mail: muradolaw@gmail.com